IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EDGEWORTH FAMILY TRUST; AND AMERICAN GRATING, LLC, Appellants, vs. DANIEL S. SIMON; AND THE LAW OFFICE OF DANIEL S. SIMON, A PROFESSIONAL CORPORATION, D/B/A SIMON LAW, Respondents. | No. 83258 <br><br> **FILED** <br><br> SEP 16 2022 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |
| EDGEWORTH FAMILY TRUST; AND AMERICAN GRATING, LLC, Appellants, vs. DANIEL S. SIMON; AND THE LAW OFFICE OF DANIEL S. SIMON, A PROFESSIONAL CORPORATION, D/B/A SIMON LAW, Respondents. | No. 83260 |

## ORDER VACATING JUDGMENT AND REMANDING

These consolidated appeals challenge the district court's adjudication of an attorney lien and award of quantum meruit fees. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

We previously issued an order between the same parties based on the same issue, which is whether the district court's award of $200,000 in quantum meruit to respondent Daniel Simon was reasonable. *See Edgeworth Family Tr. v. Simon*, Nos. 77678/78176, 2020 WL 7828800, at *2 (Nev. Dec. 30, 2020) (Order Affirming in Part, Vacating in Part and Remanding). In our order, we vacated the district court's award, concluding that the district court's order was unclear with respect to whether the award

was properly limited to solely the work Simon completed after he was constructively discharged by appellants Edgeworth Family Trust and American Grating, LLC (collectively, the Edgeworths). *Id.* Accordingly, we vacated the award, remanded the issue to the district court to make specific factual findings regarding what work Simon completed after his constructive discharge, and instructed the district court that any quantum meruit award should only compensate Simon for services provided post-discharge. *Id.* On remand, the district court again awarded Simon $200,000 in quantum meruit fees.

The Edgeworths argue that the district court erred by failing to comply with our previous order on remand. They contend that the district court failed to make specific findings reflecting that its award was limited to the work Simon completed after he was constructively discharged by the Edgeworths. We agree.

Although "[w]e review an award of attorney fees for an abuse of discretion," *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015), we review de novo "[w]hether the district court has complied with our mandate on remand," *State Eng'r v. Eureka County*, 133 Nev. 557, 559, 402 P.3d 1249, 1251 (2017). When this court remands a case, "the district court must proceed in accordance with the mandate and the law of the case as established on appeal." *Id.* (internal quotation marks omitted). Further, a disposition from this court serves as mandatory authority in subsequent stages of the case. *See* NRAP 36(c)(2).

As stated, we previously vacated the district court's award of quantum meruit fees to Simon because the order did not make specific findings that its award was limited to services Simon provided post-discharge. *Edgeworth Family Tr.*, 2020 WL 7828800, at *2. Specific factual findings regarding what work Simon completed pre-discharge versus post-

discharge is critical because a quantum meruit award can only properly compensate Simon for the services he provided post-discharge. *Id.*

Turning to the district court's post-remand order, we conclude that the district court's order suffers from the same flaw as its previous order—the order does not make specific findings that clearly reflect that the quantum meruit award is limited to only services Simon provided post-discharge. Specifically, the district court's quantum meruit award is premised on the work Simon performed relating to the Edgeworths' settlement agreements. However, the district court's order notes that Simon began working on those settlement agreements before he was discharged. Thus, while Simon's work on the settlement agreements may consist of work he did both pre- and post-discharge, the district court's order does not make clear, nor include any specific findings of fact, that demonstrate that the quantum meruit fee is limited only to Simon's post-discharge services relating to the settlements. Further, the district court does not make any other findings of fact regarding work Simon completed post-discharge that would otherwise support the quantum meruit fee. For these reasons, it remains unclear whether the award of $200,000 in quantum meruit fees is reasonably limited only to the services Simon provided post-discharge. The district court therefore erred by failing to comply with our previous order which was mandatory authority. Thus, we again vacate the district court's award of $200,000 in quantum meruit fees.

Insofar as the Edgeworths argue that we should award Simon $34,000 in quantum meruit fees based on Simon's billing statement that purportedly shows that he completed 71 hours of post-discharge work, we decline to do so. The district court found that the billing statement may not accurately reflect Simon's post-discharge work. Further, we decline to make factual findings on appeal. *See Ryan's Express Transp. Servs., Inc. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). Because we will not make factual findings in the first instance, we also decline Simon's invitation to affirm the district court's order on the ground that the record supports an award of $200,000 in quantum meruit fees. Because no new findings were made on remand explaining the basis for such an award, we remain unable to determine whether $200,000 was a reasonable quantum meruit fee for Simon's post-discharge work.

Accordingly, we ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order. We further instruct the district court to make specific and express findings as to what work Simon completed after he was constructively discharged and limit its quantum meruit fee to those findings.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Tierra Danielle Jones, District Judge
Morris Law Group
James R. Christensen
Christiansen Trial Lawyers
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A